Steven C. Smith (SBN 116246)
Kipp S. Muir, Esq (SBN 301244)
SMITH LC
4 Park Plaza, Suite 1050
Irvine, CA 92614
Tel (949) 416-5000 / Fax (949) 416-5555
ssmith@smith-lc.com / kmuir@smith-lc.com

*Counsel for Plaintiff/Petitioner Smith LC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| SMITH LC, a California Professional Law Corporation,<br><br>Plaintiff/Petitioner,<br><br>vs.<br><br>KINNON SANDLIN, an individual; and SIMON HOYLE, an individual; and DOES 1-10, inclusive,<br><br>Defendants/Respondents. | CASE NO: 8:23-cv-00491<br>JUDGE<br>DEPT.<br><br>**PETITION TO COMPEL ARBITRATION** |

Petitioner Smith LC hereby alleges as follows:

**PARTIES**

1. Petitioner Smith LC is a California corporation.

2. Respondent Kinnon Sandlin is an individual who, on information and belief, is a resident of Puerto Rico.

3. Respondent Simon Hoyle is an individual who, on information and belief, is a resident of Puerto Rico.

1
PETITION TO COMPEL ARBITRATION

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity between Smith LC on the one hand and Respondents on the other, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. This Court has personal jurisdiction over Respondents pursuant to California's Long-arm Statute, Cal. Code Civ. P. § 410.10. Respondents hired Smith LC, a California corporation, to provide legal services. Two of the Smith LC attorneys and the paralegal who worked on Respondents' matter reside in California. This action arises out of or relates to Respondents' failure to pay Smith LC for legal services rendered, the breach of which caused Smith LC harm in California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

**GENERAL ALLEGATIONS**

7. On or about November 11, 2011, Respondents Kinnon Sandlin and Simon Hoyle (collectively "Respondents") signed a retainer agreement with Smith LC by which Smith LC agreed to represent Respondents in litigation pending in Utah State Court (the "Utah Litigation") in exchange for payment from Respondents (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

8. The Agreement provides that "[a]ny dispute between the parties as to attorney fees and/or costs charged" under the Agreement, as well as all other disputes arising under the Agreement "shall be resolved by binding arbitration[.]" (Ex. 1, Section 15.)

9. Smith LC provided legal services in accordance with the Agreement and submitted invoices to Respondents for payment. Other than making an initial

1  retainer deposit of $75,000, Respondents have not made any other payments to
2  Smith LC for the legal services it rendered. Smith LC billed against the $75,000
3  retainer until it was exhausted. Smith LC nevertheless continued to represent
4  Respondents in the Utah Litigation until approximately February 22, 2022, when
5  Simon Hoyle emailed Smith LC and requested Smith LC not "undertake any
6  further work on our case."

7      10.    Following this, Smith LC sent out its final billings, which totaled over
8  $250,000 for unpaid work completed through February 28, 2022.

9      11.    To date, Respondents have not made any payments since their initial
10  payment in 2021 of the $75,000.

11      12.    Smith LC has made efforts since February 28, 2022 to demand that
12  Respondent cooperate in resolving the outstanding and unpaid attorney fees, but
13  Respondents have refused to do so. In pleadings filed in the Utah Litigation,
14  Respondents have disputed their obligation to pay Smith LC for the services
15  rendered.

16      13.    Respondents have failed, neglected, and/or refused to arbitrate their
17  dispute with Smith LC regarding the unpaid invoices.

18      Wherefore, Smith LC requests the Court issue an order compelling
19  Respondents to participate in arbitration in accordance with the Agreement to
20  resolve this dispute.

22  Dated:  March 17, 2023        SMITH LC

25                            By _____/s/  Steven C. Smith_____
                          Steven C. Smith
26                            Kipp S. Muir

27                            *Counsel for Claimant Smith LC*

SMITH LC

# Exhibit 1

SMITH LC                                    **ORIGINAL**

### ATTORNEY-MULTIPLE CLIENTS HOURLY FEE CONTRACT

November 9, 2021

   This ATTORNEY-MULTIPLE CLIENTS HOURLY FEE CONTRACT ("Contract") is the written fee contract that some states require lawyers to have with their clients. It is entered into by and between **KINNON SANDLIN** and **SIMON HOYLE** ("Clients") and **SMITH LC** ("Attorney").

   1.  CONDITIONS. This Contract will not take effect, and Attorney will have no obligation to provide legal services, until Clients return a signed copy of this Contract and pay the deposit called for under Paragraph 4.

   2.  SCOPE AND DUTIES. **Clients are hiring Attorney to represent Clients in the matter of Terracom Development et al v. Sandlin and Hoyle arising out of the dissolution of the LLC and related valuation of the same with hearing dates currently set for 12/1, 12/2 and 12/3 on the issue of value.** Attorney will provide those legal services reasonably required to accomplish the above described services and will take reasonable steps to keep Clients informed of progress and to respond to Clients' inquiries. Attorney will represent Clients in any court action until a settlement or judgment, by arbitration or trial, is reached, and in connection with any appropriate post-trial motions.

   After judgment, Attorney will not represent Clients on any appeal, or in any proceedings designed to execute on the judgment, without such additional compensation as Attorney and Clients may agree on in a separate Contract. Services in any matter not described above will require a separate written agreement.

   3.  CLIENTS' DUTIES. Clients agree to be truthful and forthright with Attorney in all respects in relation to this matter including, but not limited to, completely and accurately disclosing to Attorney all facts related to the matter and providing the Attorney with copies of all papers and documents related to this matter. Clients further agree to cooperate, to keep Attorney informed of any information or developments which may come to Clients' attention, to abide by this Contract, to pay Attorney's bills on time, and to keep Attorney advised of Clients' addresses, telephone numbers and whereabouts. Clients will assist Attorney in providing necessary information and documents and will appear when necessary at legal proceedings.

   Attorney believes that electronically stored information ("ESI") is an important and irreplaceable source of discovery and/or evidence in connection with the dispute described above. This includes, but is not limited to, e-mail, instant messaging, text messages, voice mail messages, other electronic communications, word processing documents, spreadsheets, databases, calendars, and telephone logs.

**SMITH** LC
*Messrs. Sandlin and Hoyle*
November 9, 2021
Page 2

Clients agree to immediately take all steps necessary to prevent the destruction, loss, concealment, or alteration of any paper, document, or electronically stored information and other data or information generated by and/or stored on computers and storage media (e.g., hard disks, floppy disks, backup tapes, etc.), and e-mail related to the dispute described above.

Clients agree to immediately initiate a litigation hold for potentially relevant ESI, documents, and tangible things, and to act diligently and in good faith to secure and audit compliance with that litigation hold. Clients agree to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view, and (if necessary) reconstruct any ESI. Clients agree not to pack, compress, purge, or dispose of any file or any part thereof.

4. **RETAINER/DEPOSIT. Clients agree to pay Attorney an initial deposit of $75,000 by November 12, 2021 by wire (instructions to follow).** The hourly charges will be charged against the deposit. The initial deposit, as well as any future deposit, will not be held in a trust account. Clients authorize Attorney to use that fund to pay the fees and other charges as they are incurred. Payments from the fund will be made upon remittance to Clients of a billing statement. Clients acknowledge that the deposit is not an estimate of total fees and costs, but merely an advance for security.

Whenever the deposit is exhausted, Attorney reserves the right to demand further deposits, in an amount reasonably estimated by Attorney to cover the fees and costs for the next two billing cycles, before a trial or arbitration date is set. Once a trial or arbitration date is set, Clients shall pay all sums then owing and deposit the attorney's fees estimated to be incurred in preparing for and completing the trial or arbitration, as well as the jury fees or arbitration fees, expert witness fees and other costs likely to be assessed. Those sums may exceed the maximum deposit.

Clients agree to pay all deposits after the initial deposit within fifteen (15) days of Attorney's demand. Unless otherwise agreed in writing, any unused deposit at the conclusion of Attorney's services will be refunded.

Attorney shall have no obligation to advance costs for Clients to expert witnesses or otherwise unless agreed in writing.

5. LEGAL FEES. Clients agree to pay for legal services at the following rates: Partners, Steven C. Smith and John S. Clifford, $500.00 per hour; Other Partners $450.00 per hour; Of Counsel, $450.00 per hour; Senior Associates (more than two years' experience) $350.00 per hour; Associates (less than two years' experience) $300.00 per hour; law clerks/paralegals, $200.00 per hour; clerks $100.00 per hour. Hourly billing rates for subsequent years will be established and implemented on January 1st of each year and shall remain in effect for that entire calendar year. Attorney charges in minimum units of one tenth (.1) of an hour. The following have higher minimum charges:

| | |
|---|---|
| Reviewing or preparing emails: | Minimum one tenth (.1) of an hour |
| Reviewing letters: | Minimum two tenths (.2) of an hour |

**SMITH** LC
*Messrs. Sandlin and Hoyle*
November 9, 2021
Page 3

| | |
|---|---|
| Reviewing court pleadings and papers: | Minimum two tenths (.2) of an hour |
| Reviewing other documents: | Minimum two tenths (.2) of an hour |

The most important consideration in setting legal fees is the attorney's time involved. The more complex the matter, the more time is required. The amount of time required in any particular case is also affected by the actions of the other side. Attorney has only limited control over the actions by the opposing party. Cooperation between the parties in supplying necessary information can be most helpful in controlling the amount of time required and, therefore, the cost in resolving your matter. However, we do not always receive cooperation from the opposing party.

The time charged will include the time Attorney spends on correspondence, e-mails and telephone calls relating to Clients' matter, including correspondence, e-mails and telephone calls with Clients, witnesses, opposing counsel or court personnel. The legal personnel assigned to Clients' matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative. Likewise, if more than one of the legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent. Attorney will charge for waiting time in court and elsewhere and for travel time, both local and out of town.

In the event of discharge or withdrawal of Attorney as provided in Paragraph 11, Clients agree that Attorney is to be paid by Clients for all legal fees and costs incurred or advanced. Attorney will have a lien for said fees and costs against any settlement, judgment, award or compromise obtained in the action. Should it be necessary to institute legal proceedings against Clients for the collection of all or any part of said fees, costs or advances, Clients agree to pay all costs of collection and arbitration.

6.  NEGOTIABILITY OF FEES. The rates set forth above are not set by law, but are negotiable between Attorney and Clients.

7.  COSTS, EXPENSES AND OTHER CHARGES.

(a) Attorney will incur various costs and expenses in performing legal services under this Contract. Clients agree to pay for all costs, disbursements and expenses in addition to the hourly fees. The costs and expenses commonly include service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master fees and other similar items. Except for the items listed below, all costs and expenses will be charged at Attorney's cost.

| | |
|---|---|
| In-office photocopying: | $0.25/page |
| Facsimile charges: | $0.50/page |
| Mileage: | Per current IRS guidelines (subject to change without notice) |
| Computer legal research: | Per Westlaw transactional pricing plan |

**SMITH** LO
*Messrs. Sandlin and Hoyle*
November 9, 2021
Page 4

    (b) Out-of-town travel. Clients agree to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorney's personnel. Clients will also be charged the hourly rates for the time legal personnel spend traveling.

    (c) Experts, Consultants and Investigators. To aid in the preparation or presentation of Clients' case, it may become necessary to hire expert witnesses, consultants or investigators. Clients agree to pay such fees and charges. Attorney will select any expert witnesses, consultants or investigators to be hired, and Clients will be informed of persons chosen and their charges.

    (d) Attorney shall obtain Clients' consent before retaining outside investigators, consultants, or expert witnesses.

  If an award of fees and/or costs is sought on Clients' behalf in this action, Clients understand that the amount which the court may order as fees and/or costs is the amount the court believes the party is entitled to recover, and does not determine what fees and/or costs Attorney is entitled to charge Clients or that only the fees and/or costs which were allowed were reasonable. Clients agree that, whether or not a cost and attorney fees award is made by the court in Clients' case, Clients will remain responsible for the payment, in full, of all attorney's fees and costs in accordance with this Contract. Attorney shall not be required to advance any costs.

  Additionally, Clients understand that if the matter proceeds to court action or arbitration, Clients may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Clients.

  8. BILLING STATEMENTS. Attorney shall send Clients periodic statements for fees and costs incurred. To ensure that all such statements are correct, and that any errors are timely addressed, Clients agree to carefully review all such statements immediately upon receipt. Questions or disputes concerning claimed errors or discrepancies in amounts billed and services rendered must be made and delivered to Attorney, in writing, within thirty (30) days from the date that said billing statement is sent to Clients. Absent such contact within this thirty (30) day period, Clients agrees that any objections to the content of the billing statements are waived.

  Clients shall pay Attorney's statements within thirty (30) days after each statement's date. Clients may request a statement at intervals of no less than thirty (30) days. On Clients' request Attorney will provide a statement within ten (10) days. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

  In the event that payment is not made within thirty (30) days, a finance charge of one percent (1%) per month on the unpaid balance will be added to Clients' statement, for an annual percentage rate of twelve percent (12%). Any objection to any billing must be brought to the attention of the responsible attorney within thirty (30) days of the billing; otherwise, the bill is agreed to be accepted as sent. The total fee for legal services is often higher than anticipated. Legal representation by this office is not inexpensive, and if your main concern in your matter is the amount of attorney fees, you may wish to consider retaining another firm.

**SMITH** LO
*Messrs. Sandlin and Hoyle*
November 9, 2021
Page 5

9. INTENTIONALLY LEFT BLANK

10. RELATED BUT UNKNOWN MATTERS. Clients represent that Clients do not know of any related legal matters that would require legal services to be provided under this Contract. Such related matters might include, among other things, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, or claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy. If such matters arise later, Clients agree that this Contract does not apply to any such related legal matters, and a separate Contract for provision of services and payment for those services will be required if Clients desire Attorney to perform that additional legal work.

11. DISCHARGE AND WITHDRAWAL. Either Clients or Attorney may discharge the other, upon written notice, with or without cause, upon reasonable notice. Clients acknowledge that the following include some, but not all, grounds for Attorney's withdrawal with cause: Clients insisting on pursuing an objective that the Attorney considers repugnant or imprudent; Clients failing substantially to fulfill an obligation to Attorney, including on any other matter in which Attorney represents Clients, after having been given reasonable warning that Attorney will withdraw unless the obligation is fulfilled (the parties expressly agree that non-payment by Clients of requested retainer, fees, and costs contemplated herein shall be deemed reasonable grounds for immediate withdrawal of Attorney); if Attorney's representation will result in an unreasonable financial burden on Attorney; if Attorney's representation has been rendered unreasonably difficult by Clients; or if there is an actual conflict between Attorney and Clients. Clients will sign a Substitution of Attorney, if requested and provided with reasonable notice by Attorney. Such a discharge does not, however, relieve Clients of their obligation to pay any legal fees and costs (Paragraphs 5 & 7) incurred prior to such termination. Attorney will, immediately after receiving such notice, cease to render additional services.

12. LIEN. Clients hereby grant Attorney a lien on any and all claims or causes of action that are the subject of the representation under this Contract. The lien will be for any sums owing to Attorney at the conclusion of services performed. The lien will attach to any recovery Clients may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Clients even if Attorney has been discharged before the end of the case. Because a lien may affect Clients' property rights, Clients may seek the advice of an independent lawyer of Clients' choice before agreeing to such a lien. By initialing this paragraph, Clients represent and agree that Clients have had a reasonable opportunity to consult such an independent lawyer and—whether or not Clients have chosen to consult such an independent lawyer—Clients agree that Attorney will have a lien as specified above. Clients agree that Attorney may maintain any lien in the event of any discharge and/or withdrawal consistent with law.

_*ajh*_ (Client's Initials Here)      _Ks_ (Client's Initials Here)

_____ (Client's Initials Here)      _SS_ (Attorney's Initials Here)

**SMITH** LO
*Messrs. Sandlin and Hoyle*
November 9, 2021
Page 6

13. **RECEIPT OF PROCEEDS.** Clients hereby grant Attorney authority to endorse on behalf of Clients any check received by settlement, arbitration award or judgment, including any award of sanctions or attorney's fees. All proceeds of Clients' case shall be deposited into Attorney's trust account for disbursement in accordance with the provisions of this Agreement.

14. **CONCLUSION OF SERVICES.** When Attorney's services conclude, whether by completing the terms of this Contract or by discharge or withdrawal under Paragraph 11, all unpaid charges will immediately become due and payable. Attorney is authorized to use any funds held in Attorney's trust account as a deposit against costs to apply to such unpaid charges. After Attorney's services conclude and upon Clients' request, Attorney will deliver Clients' file and property to Clients whether or not Clients have paid any fees and/or costs owed to Attorney. If Clients do not request the return of Clients' file, Attorney will retain Clients' file for a period of six (6) months, after which time Attorney may scan Clients' file and store it electronically, and Attorney may have Clients' hard file destroyed. If Clients desire to have Clients' file maintained beyond the six (6) months after Clients' matter has concluded, separate arrangements with Attorney must be made.

15. **BINDING ARBITRATION.** Any dispute between the parties as to attorney fees and/or costs charged under this Contract, and all other disputes arising under this Contract or in connection with the provision of legal services by Attorney, including, without limitation, any claim for breach of contract, professional negligence or breach of fiduciary duty, shall be resolved by binding arbitration in accordance with the rules of JAMS/Endispute or any arbitrator as may be agreed upon by the parties.

Attorney and Clients further agree that the parties will have the right to discovery as provided in any rules promulgated by JAMS/Endispute for commercial litigation, except that the arbitrator(s), rather than the court, shall resolve all discovery disputes that arise. The arbitration otherwise will be conducted pursuant to the JAMS Recommended Arbitration Discovery Protocols for Domestic, Commercial Cases which can be found at http://www.iamsadr.com/arbitration-discovcrvprotocols. All costs of such arbitration shall be split equally between Attorney and Clients except that each side is responsible for its own attorneys' fees and costs. The parties shall maintain the confidential nature of the arbitration proceeding and the Award, including the Hearing, except as may be necessary to prepare for or conduct the arbitration hearing on the merits, or except as may be necessary in connection with a court application for a preliminary remedy, a judicial challenge to an Award or its enforcement, or unless otherwise required by law or judicial decision.

BY SIGNING THIS CONTRACT IN THE SPACE PROVIDED BELOW, CLIENTS ACKNOWLEDGE THAT THIS CONTRACT TO ARBITRATE RESULTS IN WAIVER OF CLIENTS' RIGHT TO A COURT OR JURY TRIAL FOR ANY FEE DISPUTE OR MALPRACTICE CLAIM. THIS ALSO MEANS THAT CLIENTS ARE GIVING UP CLIENTS' RIGHTS TO DISCOVERY AND APPEAL. IF CLIENTS LATER REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO DO SO, CLIENTS MAY BE REQUIRED TO ARBITRATE PURSUANT TO THE PROVISIONS OF THE LAW. CLIENTS ACKNOWLEDGE THAT BEFORE SIGNING THIS CONTRACT AND AGREEING TO

**SMITH** LC
*Messrs. Sandlin and Hoyle*
November 9, 2021
Page 7

BINDING ARBITRATION, CLIENTS ARE ENTITLED, AND HAVE BEEN GIVEN, A REASONABLE OPPORTUNITY TO SEEK THE ADVICE OF INDEPENDENT COUNSEL.

_____ **(Client's Initials Here)**    _____ **(Client's Initials Here)**

16. DISCLAIMER OF GUARANTEE. Nothing in this Contract and nothing in Attorney's statements to Clients will be construed as a promise or guarantee about the outcome of the Clients' matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of Clients' matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

17. ENTIRE AGREEMENT. This Contract contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Contract will be binding on the parties.

18. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY. If any provision of this Contract is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Contract will be severable and remain in effect.

19. MODIFICATION BY SUBSEQUENT AGREEMENT. This Contract may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

20. EFFECTIVE DATE. This Contract will take effect when Clients have performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date Attorney first provided services. The date at the beginning of this Contract is for reference only. Even if this Contract does not take effect, Clients will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Clients.

21. DISCLOSURES AND CONSENT TO JOINT REPRESENTATION. You have asked our firm to represent each of you in the lawsuit referenced above. Because we will be representing all of you in this matter, the Utah Rules of Professional Conduct require that we make certain disclosures to you and obtain your informed written consent to our representation of all of you together.

<u>Absence of Conflicts of Interest.</u> At this stage, it does not appear that there is a conflict of interest that would prevent us from representing you. Each of you shares the same defenses to the claims which have been alleged by the plaintiffs. Nevertheless, it is possible that a conflict of interest could arise in the future which would require us to withdraw.

<u>Request for Common Instructions.</u> One way in which a conflict of interest could occur is if we receive conflicting instructions from you. For example, if one of you instruct us to take certain actions on your behalf which another of you instructs us not to take, we would be placed in a position where we could not follow one of the instructions without violating the other. That situation, if unresolved, could create a conflict of interest that would require each of you to seek new attorneys. It is therefore important that we receive a common set of instructions from you that we can follow so that a conflict of interest does not arise that would require our withdrawal.

**SMITH LO**
*Messrs. Sandlin and Hoyle*
November 9, 2021
Page 8

<u>Pursuit of Common Objectives.</u> Another way in which a conflict could arise is if in the course of litigation, you develop inconsistent defenses or objectives. For example, if one of you wants us to pursue a defense that could adversely affect the defenses of the rest, a conflict of interest would exist that could require us to withdraw as your counsel. It will therefore be important during the course of our engagement to make sure that we are pursuing common objectives and defenses for all of you so that we will not be required to withdraw later. At the same time, if any of you determine that pursuing a common objective is not in your best interests, we may be required to withdraw from representing you.

<u>Indemnification Rights.</u> You should be aware that each of you may have indemnification rights against the others. Because we are representing your common interest in this lawsuit, we cannot represent or advise you with respect to those claims. We strongly urge you to consult separate counsel with respect to any such claims. To the extent that you choose to assert claims against each other in this lawsuit, we again, may be required to withdraw.

<u>Preventing Potential Conflicts From Becoming Real.</u> At present it does not appear that any of these conflict of interest situations exist. Nevertheless, we cannot rule out the possibility that these conflicts could arise during the course of the representation. Since changing counsel in the midst of litigation can be expensive and detrimental to your interests, it is important that you are comfortable with us representing all of you together in light of these potential conflicts of interest. In addition, we will need you to work with us through the course of the litigation to keep these potential conflicts from becoming real.

<u>Disclosure of Information to All Clients.</u> In addition, because we represent all of you together, each of you has a right to learn the substance of the communications that we have with the rest of you. In other words, if one of you tells us something, that information may be disclosed to the rest of you. Although the attorney-client privilege will bar disclosure of our conversations with any of you to the outside world, the privilege does not bar disclosure to the rest of you of what any one of you tells us. Indeed, if the information is significant, we may have a duty to disclose information from or about one of you to the rest of you.

<u>Comfort Zone.</u> Here again, it is extremely important that you are comfortable with this arrangement. If each of you were separately represented, your lawyers would not be required to disclose your communications with them to the rest of you. Each of you needs to consider whether you will be as candid with us as you would be with a lawyer representing your interests alone. If you believe that you would not be comfortable with this arrangement or that there would be information that you would be unwilling to disclose to us, because you would not want to disclose to the others, you should obtain your own separate counsel.

<u>Access to Case File.</u> As you know, during the course of this lawsuit, we will be maintaining a file which will contain original correspondence, evidence, pleadings and other documentation. In the event we are required to withdraw from representing all of you, we will retain the original file until we receive a common set of instructions to transmit the file somewhere else. At your request, we will provide you or your new counsel with a copy of the file.

**SMITH** LC
*Messrs. Sandlin and Hoyle*
November 9, 2021
Page 9

Costs and Attorney Fees. As you know, one of you may have agreed to pay Attorney fees and costs incurred in defending the rest of you in this action. The Utah Rules of Professional Conduct require us to obtain consent from each of you to this arrangement. The Rules are intended to allow the rest of you to consider whether the fact that the paying client is paying our fees will interfere with our ability to represent the rest of you with the same degree of loyalty and independent judgment that you would expect from a lawyer you were paying. In other words, the rest of you should consider whether we would tend to favor the interests of paying client because he/she/it is paying our fees in this matter. While this risk exists, it is our intention to represent all of you without regard to which of you are paying our fees. Nevertheless, each of you must be comfortable with this arrangement.

SMITH LC

Date: _____, 2021       By: _____

We have read and understood the foregoing terms and agree to them, as of the date Smith LC first provided services. By signing this Contract, we acknowledge receipt of a fully executed duplicate of this Contract. We also understand that we have a right to have this Contract and the Waiver reviewed by an attorney of our choice, and we have either had this Contract reviewed by an attorney, or have waived that right in addition to the other Waivers set forth in this Contract.

Date: 11/11, 2021

**Simon**
Client     Simon Hoyle

Date: 11/11, 2021

**Kinnon**
Client     Kinnon Sandlin

Signature: *simon hoyle*
Email: torq@me.com

Signature: *kinnon sandlin (Nov 11, 2021 16:01 MST)*
Email: kinnonsandlin@gmail.com

# Retainer

Final Audit Report                                                                                     2021-11-11

| | |
|---|---|
| Created: | 2021-11-11 |
| By: | simon hoyle (torq@me.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAjhF09TTNhL5YLaQUk8F6rPjblCpGpx-O |

## "Retainer" History

- Document created by simon hoyle (torq@me.com)
  2021-11-11 - 10:18:27 PM GMT- IP address: 24.10.149.233

- Document e-signed by simon hoyle (torq@me.com)
  Signature Date: 2021-11-11 - 10:20:50 PM GMT - Time Source: server- IP address: 24.10.149.233

- Document emailed to kinnon sandlin (kinnonsandlin@gmail.com) for signature
  2021-11-11 - 10:20:52 PM GMT

- Email viewed by kinnon sandlin (kinnonsandlin@gmail.com)
  2021-11-11 - 10:27:20 PM GMT- IP address: 74.125.215.45

- Document e-signed by kinnon sandlin (kinnonsandlin@gmail.com)
  Signature Date: 2021-11-11 - 11:01:09 PM GMT - Time Source: server- IP address: 66.205.196.19

- Agreement completed.
  2021-11-11 - 11:01:09 PM GMT

Adobe Sign